I understand correctly that we're here on the focused issue of whether the magistrate judge was correct in awarding only nominal damages because of the magistrate's belief that a damage award could not be based on use of employee time that would be paid irrespective of the work at issue here. That's absolutely correct, Your Honor. That is the issue. Yes. I'm not here to talk about liability, attorney's fees if they apply or anything like that. We're just on that issue. Just the one issue, Your Honor. Focus yourself on that, please. Yes. And it's a very simple issue, Your Honor. The facts are that the court found that the defendants interfered with plaintiff's contracts tortuously and intentionally by filing frivolous protests with the SBA. Now you're talking about liability. I just want to hear about damages, the measure of damages, and whether you can base damages on the work of employees that would be paid in any event. Okay. Your Honor, we know what happened, we know why liability was found, and we know why the magistrate judge concluded only nominal damages would be awarded. Why don't you proceed from there? Okay. Well, the two Federal cases cited, Convoy and Dunn, both addressed this very precise issue of whether salaried employee time can be compensable as an element of damages. One of the cases involved contract, one involved tort, but the holding was functionally the same, that the district court awarded in both cases damages for salaried employee time based on the premise that, you know, you're paying the employees for the time, but you're losing the services that you're paying them for. And the Court in this case specifically found that to be the case, that Suncor's employees spent hundreds of hours contesting the protest, and during that time, Suncor lost the services it was paying them for. And that's precisely on all fours with the two cases, Convoy and Dunn. And I would also submit it's precisely in line, although there does not seem to be a California case that addresses this specific issue, the California cases cited enunciate a policy that the tortfeasor doesn't get to escape liability just because damages are tricky to calculate or are not, you know, don't follow a precise formula. And I would submit that that policy also militates in favor of awarding damages for salaried employee time. The closest California case you have is Geddes v. Geddes and Smith, right? I would say that's the closest case with regard to employee time. But that — but I also cited cases for the general policy. I just — Yeah. Okay. And what you're saying is under California law, they would probably found something similar to what we did under Oregon law. Absolutely. And so the magistrate judge was wrong as a matter of law. Absolutely, Your Honor. I think we understand that. And Ohio law as well. Okay. Why don't we hear from the other side, and you can respond to your heart's content and rebuttal. Thank you. Thank you. Good morning, Your Honors. Terrell Rood on behalf of Structural Hardware. Good morning. Your Honors, I believe that this case really just turns on the amount of damages. The — it's really a — My counsel was wrong that — that the California court, if it had the issue, wouldn't follow our convoy case in relation to Oregon law, and why Geddes and Smith doesn't direct us to reverse the magistrate judge for an error of law. Well, the — I believe that these cases, the convoy case, Dunn case, and perhaps even the California cases, were all cases where it was demonstrated to the trial judge that these companies lost money. They actually lost money. There was an economic harm demonstrated, and the evidence pointed — would point to that. And in our case, there was no evidence presented dealing with the actual economic loss of the company or the — what money they lost, dollars amount. There was ample evidence, I suppose, of time spent by employees, but that did not — it was not taken from there to show that they lost other opportunities or there were things that happened with the conduct of the business that show that during this time period, profits dropped, some other economic harm occurred, or — That isn't what convoy holds. Convoy is to the contrary. You only have to look to the services it paid for and was deprived of their value. Let me read you just something. You say convoy doesn't apply. The issue is not whether convoy would have paid the supervisor's salary if the defendant had not breached the contract, but whether the breach deprived convoy of the services it paid for. Isn't that exactly what happened here? How can you distinguish convoy if it does apply? Well, it's a contract case where the convoy had purchased some computer equipment, paid money for this equipment. It wasn't functioning properly. They had to do some work to get it up and running and to do the things that it had been promised and warranted to have done. Using its own employees. Yes, well, they did use their own employees, but I imagine they had to — that's the measure they were seeking, and it turned out to be successful for damages, right? But they had to remedy a problem that had — was considered to be the responsibility of the seller. The seller did not perform. Seller did not provide the — the repairs. They — they had to do it themselves. Using salaried employees. Using salaried employees who would otherwise have been paid the same money. Well, how does that differ? Well, it just — you know, the trial judge in those cases just felt that that was — that they had showed damages, and — Well, you — not to interrupt, but I will, I guess. The — you've been talking about evidentiary issues, primarily. But what the magistrate judge said is that Suncor has not articulated a theory of damages that the law supports. I think that's wrong. Do you have any reason to believe that the law would not support this theory if sufficient evidence were tendered? I agree with that. I think it's a question of facts. So why do we have to send it back and say, re-evaluate this? Because the law does support the theory. It was my impression that the trial judge's decision was on the amount of damages rather than — rather than — I don't think he's — he ruled that he was unable to make that award, but that he found that the damages — I'm reading it to you from the decision. Suncor has not articulated a theory of damages that the law supports. It goes on to discuss the evidence, but that's one of the primary — that's one of his holdings. Now, we might — you know, you might argue about the evidence tendered, but really, the whole theory of this appeal, as I understand it, is that the law does support the theory. I was responding to the idea of the amount of damages rather than the idea that damages could be awarded, that damages for this particular. But the magistrate operated on the presumption that you're articulating here, the legal position, that a company cannot recover damages measured by the effort and time of salaried employees. I don't recall them ever making that statement. Well, isn't your position roughly that? Not particularly, no. I'm really just approaching it from the standpoint of the amount of damages awarded and whether or not that's clear error, that it was only a thousand dollars versus the $64,000 that they're claiming that should have been paid, which is an amount of money that was only brought forth in their brief, not in the way of evidence. Your position here today is that the magistrate judge did not tell Suncor that it could not recover damages for – measured by the time and effort of salaried employees. Not without connecting it with some other – what that harm relates to in terms of their actual out-of-pocket or economic loss. Right. Certainly there's information about hours lost. There was some information about employees and time. But no evidence as to what – you know, what's the final bill, what is the amount of money that they're seeking for their damage amount. Well, it appears to be $65,000. Yes, but that is presented in the appellant's brief. That's not – there's nothing in the record on that issue. The magistrate judge seemed to say total – he said totaling about $65,000. Why – I'm sorry. I was not – I did not see that there had been some – that computation made. What he says is it incurred no out-of-pocket cost of any time in opposing protest. Instead, its damage theory was that it lost compensation, salary plus benefits paid to its present and other officers and employees totaling about $65,000 for the time they spent fighting the protest, plus a 50 percent markup. I mean, I think it seems to be – we can calculate the damage. The question is whether the theory applies, doesn't it? Maybe you dispute that. I mean, maybe you have a good basis for that. But it seemed to me he basically said this. We're talking about $60,000 plus this markup fee, and you either accept the fact that's a recognizable damage theory or you don't. But is that not a question of fact for – it's a question of whether or not there was a fairly, you know, erroneous ruling as to the decision. I don't see it as being a question of law as to whether or not this award of – whether or not they proved that there was – that that's what their damages were. I think I understand your argument. That's it. What's the closest case that you have from California to support your position? The closest case from California? It's just – I would just argue that there's a distinction. The question is, what is the closest case you have from California to support your position? Sorry. I just need a name of the case. I don't have a case for that. Thank you. Okay. I think we understand your position. Thank you for your argument. Is there something you're dying to tell us? Briefly, I think that the panel seems to understand the issue very clearly, but I'd just like to reiterate that we do see this patently clearly as an issue – as a legal issue where the Court specifically said it didn't buy the theory of damages and didn't attempt to calculate it. And so we think it's a legal issue as to entitlement to damages, not a calculation issue. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Wallace, Hawkins, Thomas